# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHAWN BLAKELY,

    *Plaintiff,*

v.

CESSNA AIRCRAFT CO. and
TEXTRON AVIATION, INC.,

    *Defendants.*

Case No. 16-cv-01423-EFM-TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cessna Aircraft Co.'s and Textron Aviation, Inc.'s (collectively "Textron") motion to dismiss for failure to state a claim. Plaintiff Shawn Blakely filed Americans with Disabilities Act[1] ("ADA") and Family and Medical Leave Act ("FMLA") actions against Textron. Textron moved to dismiss and Blakely filed an amended complaint in response. Textron subsequently filed another motion to (Doc. 19). Textron argues under Rule 12(b)(6) that Blakely has failed to state a claim upon which relief can be granted. Because Blakely has successfully stated a claim, the Court denies Textron's motion to dismiss.

---

[1] As amended by the ADA Amendment Act of 2008.

# I. Factual and Procedural Background[2]

Blakely was an employee of Textron's subsidiary, Beechcraft, from 2001 to 2014. Beechcraft fired Blakely in 2010 for attendance infractions stemming from a stomach ulcer. The ulcer incapacitated Blakely for three consecutive days, required him to seek medical attention, and limited major life activities such as working, eating, and digesting. After Beechcraft fired him in 2010, Blakely filed a complaint with the U.S. Department of Labor for wrongful termination. Beechcraft subsequently re-hired Blakely, admitting that the ulcer qualified as a serious health condition under the FMLA. In 2014, Textron acquired Beechcraft, along with all of its records and HR personnel relating to Blakely's prior termination and medical condition. Textron then laid off Blakely in 2014 due to a regular reduction in force.

Blakely applied and interviewed for a position with Textron on June 19, 2015. On July 28, Textron offered Blakely the job, which he accepted. On August 11, Textron sent congratulatory emails to Blakely, requesting more paperwork for the onboarding process. On September 8, Textron verbally committed the job to him, stating he was "100% good to go." Blakely's start date was set for September 28.

On September 11, Textron's HR representative Kari Duerfelt called Blakely to rescind his job offer. She stated that this was due to his previous employment with Beechcraft. When Blakely inquired further, Ms. Duerfelt responded by saying: "You know what's in your file."

Blakely exhausted his administrative remedies through the Equal Employment Opportunity Commission and received a "right to sue" letter on August 31, 2016. Blakely then filed this action on November 22, alleging ADA discrimination and ADA and FMLA retaliation.

---

[2] The following facts are alleged in Blakely's First Amended Complaint and are accepted as true for purposes of deciding this motion.

In response to Textron's motion to dismiss, Blakely filed a First Amended Complaint. Textron now moves to dismiss Blakely's First Amended Complaint for failure to state a claim under Rule 12(b)(6).

## II. Legal Standard

A defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6] Under 12(b)(6), the Court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[7] Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[8] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much

---

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Iqbal*, 556 U.S. at 678-79.

[8] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Citation omitted)).

of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[9]

### III. Analysis

Textron argues that Blakely's action should be dismissed for failure to state a claim upon which relief can be granted. First, Textron asserts that Blakely bases his disability on vague and conclusory allegations. They further assert that he has failed to connect the disability with Textron's alleged discrimination. Next, Textron argues that Blakely's retaliation claims fail because he has not shown a connection between his protected activity and Textron's adverse action. The Court will consider these issues in turn.

**A.    ADA Discrimination**

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, other terms, conditions, and privileges of employment."[10] The term "disability" means "a physical or mental impairment that substantially limits one or more major life activities of such individual," or a "record of having such an impairment."[11] An impairment is any "physiological disorder or condition . . . affecting one or more body systems."[12] This includes conditions affecting the digestive system.[13] Major

---

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

[10] 42 U.S.C. § 12112(a).

[11] 42 U.S.C. § 12102(1)(A-B).

[12] 29 C.F.R. § 1630.2(h).

[13] 29 C.F.R. § 1630.2(h).

life activities include eating and digesting.[14] In determining whether an individual is substantially limited in a major life activity, the Court considers facts such as "pain experienced when performing a major life activity. . . ."[15]

To establish a prima facie case of discrimination under the ADA, Blakely must show (1) he is disabled as defined under the ADA; (2) he is qualified, with or without reasonable accommodation by Textron, to perform the essential functions of the job; and (3) he was discriminated against because of his disability.[16] "[W]hile Plaintiff is not required to set forth a prima facie case for each element, [he] is required to set forth plausible claims."[17] Textron primarily disputes that Blakely has alleged a disability under the ADA.

To show actual disability, Blakely "must (1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities."[18] The third factor requires Blakely to show that he is limited in his major life activity "as compared to most people in the general population."[19] Blakely alleges that he had a debilitating stomach ulcer during his previous employment with Textron. This medical condition caused him to take consecutive days off work and to regularly seek treatment from a physician. Even though "the law does not require [him] to provide a precise description of the major life activity which [his] disability allegedly affected," Blakely alleges that the ulcer

---

[14] 29 C.F.R. § 1630.2(i).

[15] 29 C.F.R. § 1630.2(j)(4).

[16] *Adair v. City of Muskogee,* 823 F.3d 1297, 1304 (10th Cir. 2016).

[17] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).

[18] *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014) (quoting *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1142 (10th Cir. 2011)).

[19] 29 C.F.R. § 1630.2(j)(4)(i).

limited major life activities such as eating and digesting.[20]  While Blakely may ultimately be unable to prove that his ulcer is a disability, at this stage his allegations are adequate to survive a Rule 12(b)(6) motion.  The Court reasonably infers from these alleged facts that Blakely has a "record of impairment," qualifying as a disability under the ADA.

Additionally, in his allegations, Blakely notes that Textron hired him based on his ability to perform the essential functions of the job, and they did not rescind his offer for a lack of ability to perform any of those functions.  Textron does not refute this rationale.  Therefore, Blakely's complaint presents a prima facie case for the second element.

Lastly, Blakely alleges facts that allow the Court to reasonably infer that Textron discriminated against him because of his disability.  Blakely alleges that Textron was aware of his disability and past medical leave because they had access to records and HR personnel from Beechcraft.  Blakely further alleges that Textron interviewed, hired, and on-boarded him pursuant to their regular process, but only later informed him that it rescinded his offer.  He also alleges that Ms. Duerfelt stated "you know what is in your record," insinuating that Blakely was losing the job because of his disability and past medical leave.  At this early stage of the proceedings, these allegations allow the Court to reasonably infer that Textron discriminated against Blakely because of his disability.

Blakely's amended complaint sets forth factual allegations that allow the Court to reasonably infer that he is disabled under the ADA, that he is qualified to perform the essential functions of the job, and that he was discriminated against because of his disability.  As a result, the Court denies Textron's motion to dismiss the ADA discrimination claim.

---

[20] *Grote v. Beaver Exp. Serv., LLC*, No. CIV.A. 12-1330-KHV, 2013 WL 4402822, at *6 (D. Kan. Aug. 15, 2013).

**B.     ADA and FMLA Retaliation**

Blakely brings retaliation claims under both the ADA and the FMLA. The elements for these claims are similar, and Blakely alleges that they arise from the same or related events.[21] Accordingly, the Court will consider the retaliation claims together.

To establish a prima facie case for retaliation under the FMLA or ADA, Blakely must show (1) he engaged in a protected activity under the applicable statute; (2) a reasonable employee would have found Textron's conduct materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action.[22] "[W]hile Plaintiff is not required to set forth a prima facie case for each element, [he] is required to set forth plausible claims."[23]

Blakely has clearly established a prima facie case for the first two elements. Requests for reasonable accommodation are protected activities.[24] Furthermore, taking medical leave is a reasonable accommodation.[25] Blakely's complaint alleges that he took medical leave for his ulcer, a protected activity under both statutes; further, Blakely alleges that he exercised his right to return to work after taking medical leave, which is also a protected activity. In regard to the second element, a reasonable employee would find Textron's rescinding of an offer a materially adverse action, as Blakely did in this case. This is especially true in light of Textron's reassurance to Blakely that the offer was secure, causing him to leave his current employment.

---

[21] *See Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1207-08 (10th Cir. 2007); *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1167 (10th Cir. 2006).

[22] *Proctor*, 502 F.3d at 1208; *Metzler*, 464 F.3d at 1171.

[23] *Khalik,* 671 F.3d at 1193.

[24] *Jones v. United Parcel Serv.*, 502 F.3d 1176, 1194 (10th Cir. 2007).

[25] *Valdez v. McGill*, 462 F. App'x 814, 818 (10th Cir. 2012).

Blakely has alleged sufficient facts to support a prima facie case that he engaged in a protected activity and that a reasonable employee would have found Textron's conduct materially adverse.

For the third element, Textron argues that Blakely fails to allege a causal connection between his protected activity and its adverse action; the Court concludes otherwise. For reasons similar to those stated above, it is reasonable to infer from the circumstances that Blakely's past employment with Beechcraft, and particularly his past medical leave, had a determinative impact on Textron's decision to rescind his job offer. Once more, Ms. Duerfelt's alleged comment also creates a reasonable inference as to Textron's motives. Additionally, at this early stage of the proceedings, the sequence of events concerning Blakely's re-hiring and onboarding, followed by Textron's unusual rescinding, leads the Court to infer that Blakely's protected activity was causally connected to Textron's adverse action.

## IV.     Conclusion

Through reasonable inferences based on the alleged facts, taken in a light most favorable to Blakely, the Court concludes that Blakely's complaint presents facially plausible claims.

**IT IS THEREFORE ORDERED** that Textron's motion to dismiss for failure to state a claim (Doc. 19) is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2017.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE